FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2021

SEAN F. McAVOY, CLERK

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
Karen D. Woodard, Chief
Valerie L. Meyer, Acting Deputy Chief
Hector F. Ruiz, Jr., Senior Trial Attorney
Employment Litigation Section
Civil Rights Division
United States Department of Justice
150 M Street, NE, Room 9.145
Washington, DC 20530
Phone: (202) 514-9694 | Fax: (202) 514-1105
Email: Hector.Ruiz@usdoj.gov

JOSEPH H. HARRINGTON
Acting United States Attorney
Timothy M. Durkin
Derek Taylor
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Washington
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

Attorneys for Plaintiff United States

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

ASOTIN COUNTY,

Case No.:  2:21-cv-00284-SAB

**CONSENT DECREE**

CONSENT DECREE – 1

1

|                    |
| Defendant          |
|                    |

2

## CONSENT DECREE

3

## I.    INTRODUCTION

4

5

6        This action was brought by Plaintiff United States of America ("United States")

7        against Defendant Asotin County ("the County") alleging violations of Title VII of

8        the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended, ("Title VII"),

9        following the United States' receipt from the Equal Employment Opportunity

10       Commission ("EEOC") of a charge of discrimination timely filed by Jennifer Grant

11       ("Ms. Grant") against the County.  This Decree is an agreement between the

12       United States and the County to resolve the legal dispute between the United States

13       and the County.  This Court has jurisdiction over this action under 42 U.S.C. §

14       2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

15       In its Complaint, the United States alleges that the County discriminated against

16       Ms. Grant on the basis of sex by subjecting her to sexual harassment and a hostile

17       work environment in violation of Title VII.  The allegations of the United States

18       against the County are set forth in detail in its Complaint.  The County denies all

19       allegations that it discriminated against Ms. Grant and likewise denies the

20       underlying factual assertions made by Ms. Grant in her charge of discrimination

21       against the County.  The County further denies that its current policies, procedures

CONSENT DECREE – 2

and practices are inconsistent with or contrary to Title VII and/or have given rise to any Title VII violations, whether against Ms. Grant or any other County employee.

The United States and the County (referred to collectively as the "Settling Parties"), desiring that this action be settled by this Consent Decree ("Decree"), without the burdens, costs, fees and risks of protracted litigation, agree that this Court has jurisdiction over the Settling Parties to this action. This Decree, being entered into with the consent of the United States and the County, shall not constitute an adjudication or finding on the merits of the case, nor be construed as an admission of liability by the County, with said liability being specifically denied by the County.

## II.    FINDINGS

1. Having examined the terms and provisions of this Decree, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of and the Settling Parties to this action;

    b. In resolution of this action, the Settling Parties waive findings of fact and conclusions of law on the merits of this case, and further agree to entry of this Decree as a final and binding agreement between them in settlement

of any claims of the United States against the County arising out of the charge of discrimination filed by Ms. Grant.

In resolution of this action, the Settling Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, and ORDERS the following:

## III.   DEFINITIONS

2.  "Day" or "days" refer to calendar days, not business days, unless otherwise stated.

3.  "Date of Entry of this Decree" is the date on which the Court enters this Decree as a final order of the Court.

## IV.   PURPOSE OF THE DECREE

4.  The purposes of this Decree are to:

   a.  provide general, non-monetary remedies designed to prevent discrimination against any County employee on the basis of sex in violation of Title VII; and

   b.  provide an offer of monetary relief to Ms. Grant in consideration for a release of any Title VII claims she may have based on the alleged facts set forth in Ms. Grant's charge of discrimination against the County.

## V.   GENERAL RELIEF

CONSENT DECREE – 4

5. Without admitting the allegations of the United States, the County agrees that it will not:

    a. engage in any act or practice that discriminates against any County employee on the basis of sex in violation of Title VII; or

    b. to the extent proscribed by Title VII, discriminate against any person because that person participated in or cooperated with the United States' investigation of the County, participated in the litigation of this case, complained about or opposed the challenged employment practices, or received or sought relief or otherwise benefitted under this Decree.

## VI.    POLICY ADDRESSING HARASSMENT

6. For the duration of this Decree, the County shall have a designated individual(s) or entity responsible for investigating complaints of harassment by County employees. Pursuant to this Consent Decree, the County designates the following individuals and entity as being responsible for investigating complaints of harassment by County employees: (1) Chris Kemp; or (2) Kevin Wesley; or (3) Clear Risk Solutions. The County, at its discretion, may choose which of these designees will conduct any particular investigation.

7. If the need arises to designate an individual or entity other than those identified in Paragraph 6 to be responsible for investigating complaints of

CONSENT DECREE – 5

harassment by County employees, the County shall first notify the United States in writing of the need, propose an individual or entity for the United States to consider, and obtain approval from the United States regarding the proposed individual or entity.

    a. The United States and the County will use their best efforts and act in good faith in expediently addressing the County's need to designate an individual or entity other than those identified in Paragraph 6.

    b. For any individual or entity that the County proposes to designate pursuant to this paragraph, it shall provide to the United States in writing the qualifications of the individual or entity to conduct investigations of complaints of harassment by County employees, as well as the opportunity to interview the proposed designee(s). The United States will not unreasonably withhold approval of the individual or entity proposed by the County and shall inform the County within twenty (20) days of receiving the proposed designee's qualifications whether the designee is approved.

    c. If the United States and the County cannot resolve any objection the United States may have to the County's proposed individual or entity

CONSENT DECREE – 6

pursuant to this paragraph, the parties may submit the matter to the Court for resolution pursuant to Paragraph 27.

8.  Once an individual or entity is approved by the United States (or the Court) pursuant to Paragraph 7 to be responsible for investigating complaints of harassment by County employees, the County, within 15 days of such approval, shall publicize the change in designation to County employees, inter alia, by posting notice of the change in all County buildings, offices, and facilities in areas regularly used for posting equal employment opportunity information.

9.  The County shall maintain and adhere to a written policy addressing sex discrimination, including sexual harassment (hereinafter "County Sex Discrimination Policy").  Within thirty (30) days of entry of this Consent Decree, the County shall provide to the United States its proposed County Sex Discrimination Policy.

10. The County Sex Discrimination Policy shall comply with Title VII and shall include, at a minimum:

a.  a clear statement that sex discrimination, including sexual harassment, is prohibited and that complaints of harassment submitted by County employees will be promptly addressed;

CONSENT DECREE – 7

b. a clear statement that retaliation against a County employee for submitting a complaint of discrimination is prohibited;

c. an appropriate description of what acts may constitute prohibited sexual harassment, including a statement that acts by non-County employees may constitute prohibited sexual harassment;

d. a description of the manner in which a County employee may submit a complaint of harassment, including that complaint may be written or oral.

e. the identification of individuals authorized to accept complaints, including an employee's immediate supervisor;

f. identification of the individual(s) designated as responsible for investigating complaints of harassment submitted by County employees (i.e., the individual or entity identified by the County pursuant to Paragraphs 6 or 7 above);

g. a description of the general procedures that will be used to respond to and investigate all complaints of harassment (including written and oral complaints), specifying all potential steps in the investigative process which will ensure informed decisions regarding the merits of a complaint. At a minimum such steps shall include:

CONSENT DECREE – 8

i.  to the extent appropriate, separating from each other the complaining employee and alleged harasser;

ii.  interviewing all individuals who may have knowledge about the harassment underlying a complaint, including any individual or witness not named in a complaint but who is subsequently identified by operation of the investigation to have knowledge of the harassment;

iii. ensuring sufficient documentation of the interviews;

iv. gathering and reviewing relevant documents; and

v.  checking whether prior complaints of a similar nature were made against the same individual, the disposition of the complaint, and what discipline, if any, was taken in response to the prior complaint.

h.  a description of the procedures for appropriate follow up with the complaining employee and monitoring to ensure that harassment does not continue;

i.  a description of the types of measures that will be taken to promptly correct harassment, including measures directed at correcting harassment by non-County employees;

j.  a requirement that supervisors or managers, other than elected officials, who witness harassing conduct or otherwise become aware of harassment must take prompt action to report and address the issue. With respect to elected officials, the County will encourage such officials to report any known harassment; and

k.  a description of accountability measures, including the types of discipline that may be undertaken for employees who engage in harassing conduct or for supervisors and managers who are employees of the County who fail to implement the County's policies relating to promptly reporting, investigating, preventing, and correcting instances of harassment and retaliation.

11. The United States may object to the proposed County Sex Discrimination Policy if the United States believes the policy does not comply with the terms in Paragraph 10 or does not accurately state or conform to controlling legal standards under Title VII. Within thirty (30) days of receiving the County's policy, the United States will notify the County in writing if it objects to the County's Sex Discrimination Policy. The United States will not unreasonably object to the County's Sex Discrimination Policy. If the United States objects to the County's Sex Discrimination Policy, the United States and the County will use their best

CONSENT DECREE – 10

efforts to resolve any dispute about whether the policy complies with Paragraph 10 or controlling legal standards.  If the United States and the County are unable to reach agreement about whether the policy complies with the requirements of Paragraph 10 or controlling legal standards, the United States and the County will follow the procedures set forth in Paragraph 27 regarding disagreement as to compliance with the Decree.

12. Within sixty (60) days from the date the entry of the consent decree, or thirty (30) days of the resolution of any objection the United States makes to the County's Sex Discrimination Policy, the County shall distribute copies of the County's Sex Discrimination Policy to all County employees and to all individuals who routinely direct the work of County employees.  The County shall require each County employee and request all other recipients of the policy to sign an acknowledgment that he or she received a copy of the policy.  The signed acknowledgment shall be placed in each employee's personnel file and maintained in a single file for non-employee recipients.  The County shall also publicize the policy by, inter alia, posting it in all County buildings, offices, and facilities in areas regularly used for posting equal employment opportunity information.

13. Within thirty (30) days of the distribution of the County's Sex Discrimination Policy, the County shall provide the United States with written

CONSENT DECREE – 11

verification that the distribution has been completed in the manner prescribed by Paragraph 12, above.

14. The County shall ensure that each new employee of the County receives a copy of the County's Sex Discrimination Policy, at the time of the new employee's hire. The County shall also ensure that each individual newly appointed to routinely direct the work of any County employee receives a copy of the County's Sex Discrimination Policy at the time of the individual's appointment. The County shall require each County employee and request all other recipients of the policy to sign an acknowledgment that he or she received a copy of the policy. The signed acknowledgment shall be placed in each employee's personnel file and maintained in a single file for non-employee recipients.

**VII.  TRAINING**

15. Within ninety (90) days from the entry of the Consent Decree, the County shall identify an individual or group of individuals that will conduct the trainings outlined in Paragraphs 17 and 18, below, and provide the United States with information regarding the training program, including a description of the training topics and a copy of the proposed training materials.

16. The United States shall review the proposed trainer(s) and training program and advise the County within thirty (30) days of receiving the information pursuant

CONSENT DECREE – 12

to Paragraph 15 whether it objects.  If the United States objects to the County's proposed training program or trainer(s), the United States shall notify the County of any such objection(s) and the basis for the same.  The United States shall not unreasonably object to either the training program or the trainer.  The United States and the County will use their best efforts and act in good faith to address any objections by the United States.  If the United States and the County are unable to resolve the United States' objection(s), the parties will follow the procedures set forth in Paragraph 27 regarding disagreement as to compliance with the Decree.

17.  Within sixty (60) days of resolution of any objections by the United States to the training program or trainer(s) identified by the County pursuant to Paragraph 15, or the County's receipt of notice that the United States has no objection, the County shall provide, at its own expense, mandatory training regarding Title VII's prohibitions against discrimination based on sex to all employees of the County. The training shall be at least 1.5 hours in duration and may be conducted in person or virtually by a live instructor, and shall include, at a minimum, an interactive discussion of Title VII's prohibition on employment discrimination based on sex, the County's Sex Discrimination Policy, and the procedures by which County employees may submit complaints of sexual harassment, including identification of the person(s) to whom complaints of discrimination may be submitted.  The

County shall also encourage non-employees who routinely direct the work of County employees to attend this training.

18.   Within sixty (60) days of resolution of any objection by the United States to the training program or trainer(s) identified by the County pursuant to Paragraph 15, or the County's receipt of notice that the United States has no objection, the County shall provide, at its own expense, additional mandatory interactive training to all supervisors employed by the County and employees designated by the County as being responsible for either receiving or investigating complaints of sexual harassment regarding their obligations to address workplace sexual harassment.   The County shall encourage elected officials to attend this training.

19.   The trainings described in Paragraphs 17 and 18 shall be administered annually by the County while this Decree is in effect.

20.   Within thirty (30) days following the completion of the trainings required by Paragraphs 17 and 18, above, the County shall provide to the United States written verification that the trainings have been completed and that all County employees and personnel designated by the County as being responsible for either receiving or investigating complaints of sexual harassment attended such trainings. Also within thirty (30) days following completion of the training required by Paragraph 18, the County shall provide to the United States a list of non-employees

CONSENT DECREE – 14

encouraged to attend that training and identify whether those individuals attended the training.  All persons who undergo training as required by Paragraphs 17 and 18, above, shall be required (for County employees) or requested (for non-employees) to sign an acknowledgment of attendance at the training.  The County shall retain the signed acknowledgments for the duration of this Decree.

## VIII.  MONETARY RELIEF FOR JENNIFER GRANT

21.  The County shall offer Ms. Grant monetary relief of $100,000.00, which represents non-pecuniary compensatory damages.  The County's offer shall be made in writing and sent to Ms. Grant's counsel via overnight mail within ten (10) days of the Date of Entry of this Decree.  The County may condition Ms. Grant's receipt of monetary relief on her execution of a release of her Title VII claims (but no other claims she may have), and shall send a proposed release to Ms. Grant's counsel with its offer of relief.  Other terms of the release will be negotiated between the County and Ms. Grant, who is represented by private counsel, has other federal law and state law claims pending in federal court against the County, and has interests other than those of the United States.  At the time the County sends the proposed release to Ms. Grant's counsel, it shall send a duplicate to the United States.

CONSENT DECREE – 15

22.  As requested by the United States, the County shall inform the United States of its efforts to negotiate a mutually-acceptable release with Ms. Grant.  If the County and Ms. Grant are unable to negotiate a mutually-acceptable release within forty-five (45) days of Ms. Grant's receipt of the County's offer of monetary relief, it shall constitute a rejection of the County's offer, and the County shall pay nothing to Grant under this Decree.  Additionally, failure of Ms. Grant to execute and return an agreed-to release within thirty (30) days of agreeing to a release shall constitute a rejection of the County's offer, and the County shall pay nothing to Grant under this Decree.  If Ms. Grant timely returns the executed agreed-to release, the County shall send a check for $100,000.00 to Grant's counsel via overnight mail within forty-five (45) days of receiving Ms. Grant's executed release.  At the time the County sends payment to Ms. Grant's counsel, it shall also send the appropriate tax form (i.e., Form 1099) for Ms. Grant.  Within five (5) days of sending a check to Ms. Grant, the County shall provide the United States with a copy of the check sent to Grant as proof that payment was issued to Ms. Grant.

## IX.    COMPLIANCE MONITORING

23.  For the duration of this Decree, the County will send quarterly reports to the United States identifying all complaints of discrimination on the basis of sex,

CONSENT DECREE – 16

including sexual harassment, and any related complaints of retaliation that it received internally or was notified of by the Washington State Human Rights Commission or the Equal Employment Opportunity Commission.  The first quarterly report is due ninety (90) days after the date of entry of this Decree, with a report due every ninety (90) days after that for the duration of the Decree.  At a minimum, the reports provided to the United States shall include the following:

  a.  the date of the complaint and the date the complaint was received by the County (if different from the date of the complaint);

  b.  whether the complaint was oral or written;

  c.  a description of the complaint;

  d.  the name(s) and title(s) of individual(s) who conducted or are conducting the investigation, the date the investigation was concluded, and the steps taken during the investigation;

  e.  if an investigation is ongoing, the stage of the investigation, the name(s) of individual(s) interviewed, and an estimate of when the investigation is expected to conclude; and

  f.  the findings of the investigation and nature of any corrective action or discipline given; and

CONSENT DECREE – 17

g.  a description of the County's efforts to ensure that the accountability measures for supervisors and managers implemented under Paragraph 10(k) are carried out.

24.  Upon request of the United States, the County will produce additional documents and information relating to any complaint of discrimination on the basis of sex, including sexual harassment, and any related complaint of retaliation.

25.  The County will retain the following documents and information during the term of this Decree, or for the period of time required by other applicable records retention requirements, whichever is longer:

a.  the County's Sex Discrimination Policy, implemented pursuant to Paragraphs 9 through 14;

b.  the signed acknowledgment forms required pursuant to Paragraphs 12, 14, and 20; and

c.  all documents that come into the County's possession relating to any written or verbal complaint of discrimination on the basis of sex, including sexual harassment, or related retaliation, made by any employee, including documents relating to the County's investigation and resolution of any such complaints.

CONSENT DECREE – 18

26.  The United States may review the County's compliance with this Decree at any time and accordingly, shall have the right to request the production of documents related to the County's compliance with this Decree.  Within fifteen (15) days of any such written request by the United States to the County, the County shall produce the requested documents to the United States without further order from this Court.

## X.    DISPUTE RESOLUTION

27.  The United States and the County will attempt in good faith to resolve informally any dispute concerning the County's compliance with this Decree. Upon request by either Party, the United States and the County, through their counsel, will make themselves available for a telephone conference to discuss any such dispute within ten (10) days of such a request.  If the United States and the County are unable to reach agreement after informally seeking to resolve the dispute, either party may move the Court to enforce this Decree and may seek a ruling that enforces this Court Order, provided the moving party gives at least thirty (30) days written advance notice to the nonmoving party.

## XI.    MODIFICATION OF THE DECREE

28.  This Decree constitutes the entire agreement and all commitments between the United States and the County.

CONSENT DECREE – 19

29.  The United States and the County may agree to modifications of the time limits for the specific performance of the provisions set forth in this Decree relating to the development of policies and administration of required trainings without Court approval.  The United States and the County may agree to other modifications of the provisions of the Decree only with approval of the Court.

## XII.   JURISDICTION OF THE COURT

30.  The Court shall retain jurisdiction over this Decree for the purposes of implementing the relief provided herein, and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein.

## XIII.  DURATION OF THE CONSENT DECREE AND TERMINATION

31.  This Decree is in effect for twenty-four (24) months from the Date of Entry of this Decree and will expire without further order of the Court at the conclusion of this twenty-four (24) month period.

## XIV.  GENERAL PROVISIONS

32.  If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

33.  The Parties will bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring.

CONSENT DECREE – 20

34.  Where possible, all documents required to be delivered to the United States under this Decree shall be sent via electronic mail to Hector Ruiz (at hector.ruiz@usdoj.gov).  Where such electronic mail is not possible, documents shall be sent via overnight delivery to:

> Hector F. Ruiz, Jr.
> Employment Litigation Section
> Civil Rights Division
> United States Department of Justice
> 150 M Street, N.E., Room 9.145
> Washington, D.C.  20530

35.  All documents required to be delivered under this Decree to the County shall be sent via electronic mail where possible to Michael McFarland (at MMcFarland@ecl-law.com).  Where such electronic mail is not possible, documents shall be sent via overnight delivery to:

> Michael McFarland, Esq.
> Evans, Craven & Lackie, P.S.
> 818 West Riverside, Suite 250
> Spokane, WA 99201

**IT IS SO ORDERED** this _26th_ day of ___October___ 2021.

United States District Judge

AGREED AND CONSENTED TO BY:

CONSENT DECREE – 21

| | |
|---|---|
| **FOR PLAINTIFF UNITED STATES OF AMERICA:** | **FOR DEFENDANT ASOTIN COUNTY:** |

KRISTEN CLARKE
Assistant Attorney General

KAREN D. WOODARD
Chief

VALERIE MEYER
Acting Deputy Chief

*/s/ Hector F. Ruiz Jr.*
HECTOR F. RUIZ, JR
(TX Bar No. 24029814 )
hector.ruiz@usdoj.gov
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, NW, Room 9.145
Washington, DC 20530
Telephone: (202) 514-9694

JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington

*/s/ Tim Durkin* and *Derek Taylor*
Timothy Durkin
Derek Taylor
Assistant United States Attorneys
920 W. Riverside, Suite 340
Spokane, Washington 99210
Telephone: (509) 353-2767

Date: September 29, 2021

*/s/ Michael E. McFarland, Jr.*
Michael E. McFarland, Jr., Attorney
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201
mmcfarland@ecl-law.com

Dated: Dated:  September 29, 2021

Chris Kemp
Asotin County Chief Operating
Officer and Risk Manager

Dated:

CONSENT DECREE – 22